<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4380**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TAMMY HENDERSON,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. G. Ross Anderson, Jr., District Judge. (7:07-cr-01206-GRA-1)

Submitted: October 22, 2008      Decided: November 24, 2008

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tammy Henderson appeals the district court's judgment entered pursuant to her guilty plea to conspiracy to make and possess counterfeit securities, in violation of 18 U.S.C. § 513 (2000). Counsel for Henderson filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal, but asks this court to review whether the district court committed plain error in determining Henderson's sentence. Henderson filed a pro se supplemental brief in which she asserts a number of errors in her presentence report ("PSR") and the resulting Sentencing Guidelines range. Finding no error, we affirm.

Following United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process at sentencing. First, it must calculate the appropriate advisory Guidelines range. It must then consider the resulting range in conjunction with the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) and determine an appropriate sentence. Gall v. United States, 128 S. Ct. 586, 596 (2007). We review the district court's imposition of a sentence for abuse of discretion. Id. at 597; see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). This court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating)

2

the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Gall, 128 S. Ct. at 597.

If there are no procedural errors, we then consider the substantive reasonableness of the sentence. Id. "Substantive reasonableness review entails taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Pauley, 511 F.3d at 473 (internal quotation marks and citation omitted). Further, this court may presume a sentence within the Guidelines range to be reasonable. Id. Mere disagreement with the district court's exercise of sentencing discretion does not permit us to substitute our judgment for that of the lower court. Id. at 473-74. "Even if we would have reached a different sentencing result on our own, this fact alone is 'insufficient to justify reversal of the district court.'" Id. at 474 (quoting Gall, 128 S. Ct. at 597).

Following the probation officer's preparation of the PSR, Henderson objected to the calculation of the intended loss amount, as well as to the inclusion of a two-level offense level enhancement for possession or use of device-making equipment, pursuant to U.S. Sentencing Guidelines Manual ("USSG")

3

§ 2B1.1(10)(A)(i) (2007), and a two-level enhancement for Henderson's role as a leader, manager, or supervisor, pursuant to USSG § 3B1.1(c). At the sentencing hearing, Henderson indicated that all of the objections had been resolved with the Government, as the parties agreed that the two-level enhancement for possession or use of device-making equipment should be removed, resulting in a total offense level of ten and a Sentencing Guidelines range of 24 to 30 months. Henderson received a 30-month sentence.

In her pro se brief, Henderson asserts that the PSR used by the district court at sentencing did not reflect the removal of the enhancement for possession or use of device-making equipment and that, as a result, she received a harsher sentence based on this allegation of "white-collar thievery." However, there is no indication in the record that Henderson received a longer sentence due to an enhancement that was brought to the court's attention and was withdrawn prior to sentencing. Pursuant to Fed. R. Crim. P. 32(i)(1)(C), the district court properly permitted the parties to comment on the findings in the PSR and to notify the court that the enhancement for device-making equipment was erroneously included in the Guidelines calculation and should be removed. Accordingly, Henderson's claim is without merit.

Henderson also contends the district court improperly calculated the intended loss amount and erroneously included a two-level enhancement for her role as a leader, manager, or supervisor. While she originally objected to the PSR's findings in regards to these two issues, Henderson stated at sentencing that those objections had been resolved with the Government. Accordingly, with no disputed issues presented at the sentencing hearing, the district court properly accepted the undisputed portions of the PSR as findings of fact. See Fed. R. Crim. P. 32(i)(3)(A). Because Henderson failed to raise any objections to the PSR, the district court did not err in determining the intended loss amount or imposing the leadership enhancement without requiring the Government to prove the underlying facts.

Finally, in her Anders brief, Henderson contends that she received an unreasonable sentence. At the sentencing hearing, the district court appropriately treated the Guidelines as advisory, considered the relevant factors under § 3553(a), and sentenced Henderson within the properly calculated Guidelines range. Because Henderson has failed to demonstrate her sentence is either procedurally or substantively unreasonable, we find that the sentence imposed by the district court was reasonable and should be affirmed.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.

We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED